**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| FRANK MILLER, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>CADENCE BANCORPORATION, PAUL B. MURPHY, and VALERIE C. TOALSON,<br><br>          Defendants. | Civil Action No. 4:19-cv-03492<br><br>Judge Lynn N. Hughes |
| ROBERT H. ANTHONY, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>CADENCE BANCORPORATION, PAUL B. MURPHY, and VALERIE C. TOALSON,<br><br>          Defendants. | Civil Action No. 4:19-cv-04269<br><br>Judge Lynn N. Hughes |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FRANK MILLER AND PATRICK GORDON FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT ................................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ...............................................................................................................3

    B.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF ...............................4

        1.    Movants Are Willing to Serve as Class Representatives ...........................5

        2.    Movants Have the "Largest Financial Interest" ..........................................5

        3.    Movants Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ....................................................................6

        4.    Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..............................................9

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...............................................................................................................9

CONCLUSION............................................................................................................................10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D. N.J. 2003)..................................................................................................6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)..................................................................................................................8

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ........................................................................................................7

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006)..................................................................................................7, 8

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999)..............................................................................................7

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997).............................................................................................7

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................7

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ..............................................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)............................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..........................................................6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) .......................................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004)................................................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
   2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)...........................................................6

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................................5

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..........................................................9

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986)...............................................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ..................................................................1, 7

Frank Miller and Patrick Gordon (together "Movants") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions");[1] (2) appointing Movants as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Cadence securities between July 23, 2018 and July 22, 2019, inclusive (the "Class Period"); (3) approving Movants' selection of Glancy Prongay & Murray LLP ("GPM") and Pomerantz LLP ("Pomerantz") as Lead Counsel and Kendall Law Group, PLLC ("Kendall Law") as liaison counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movants, with combined losses of approximately $8,505, believe that they have the largest financial interest in the relief sought in the Related Actions. Movants further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Movants respectfully submit that they should be appointed Lead Plaintiff.

---

[1] On November 8, 2019, defendants Cadence Bancorporation ("Cadence"), Paul B. Murphy, and Valerie C. Toalson ("Defendants") moved the Court to consolidate the Related Actions (Dkt. No. 16) ("Defendants' Consolidation Motion"). At the time that the Motion of Patrick Gordon for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel was filed, Defendants' Consolidation Motion was still pending before the Court.

1

**STATEMENT OF FACTS**

As the Complaint in the first-filed of the Related Actions alleges, Cadence is a financial holding company that focuses on middle-market commercial lending, complemented by retail banking and wealth management services, and purportedly provides banking services to businesses, high net worth individuals, and business owners.

On July 22, 2019, the Company disclosed that "higher credit costs including net charge-offs of $18.6 million and loan provisions of $28.9 million" negatively impacted its second quarter 2019 financial results.

On this news, the Company's stock price fell $3.75 per share, or over 19%, to close at $15.86 per share on July 22, 2019, thereby injuring investors.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that the Company lacked adequate internal controls to assess credit risk; (2) that, as a result, certain of the Company's loans posed an increased risk of loss; (3) that, as a result, the Company was reasonably likely to incur significant losses for certain loans; (4) that the Company's financial results would suffer a material adverse impact; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

2

## ARGUMENT

**A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false

3

and misleading statements and omissions that artificially inflated the price of Cadence's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.      MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF**

Movants should be appointed Lead Plaintiff because they have the largest financial interest in the Related Actions and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.      Movants Are Willing to Serve as Class Representatives

On September 16, 2019, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced the pendency of that action and advised investors of Cadence securities that they had 60 days from the date of the Notice—*i.e.*, until November 15, 2019—to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Joe Kendall in Support of Motion of Frank Miller and Patrick Gordon for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Counsel ("Kendall Decl."), Ex. A.

Movants have filed the instant motion pursuant to the Notice and have attached certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See* Kendall Decl., Ex. B.  Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff of the Class.

### 2.      Movants Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Movants believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the

5

seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*7-\*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2]   The most critical among the Lax Factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at \*39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at \*2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, Movants collectively: (1) purchased 1030 Cadence shares; (2) retained 430 Cadence shares; (3) expended approximately $15,598 on their purchases of Cadence securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $8,504 in connection with his Class Period purchases.   *See* Kendall Decl., Ex. C.   Because Movants possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movants Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).   *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

Movants' claims are typical of those of the Class. Movants allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have

7

known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading.  Movants, as did all members of the Class, purchased Cadence securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Movants are adequate representatives for the Class. There is no antagonism between the interests of Movants and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation.  Moreover, Movants have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

####     4.     Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Movants to fairly and adequately represent the Class has been discussed above.  Movants are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Movants should be appointed Lead Plaintiff for the Class.

####     C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at \*15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have selected GPM and Pomerantz as lead counsel for the class and Kendall Law as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, see Kendall Decl., Exs. D, E, and F, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

9

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movants as Lead Plaintiff for the Class; (3) approving GPM and Pomerantz as Lead Counsel and Kendall Law as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: November 15, 2019

Respectfully submitted,

/s/ *Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: 214-744-3000
Facsimile: 214-744-3015
Email: jkendall@kendalllawgroup.com

*[Proposed] Liaison Counsel for Plaintiff and Class*

**GLANCY PRONGAY & MURRAY LLP**
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

**POMERANTZ LLP**
Jeremy A. Lieberman
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
ahood@pomlaw.com

10

Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and [Proposed] Lead
Counsel for the Class*

**BRONSTEIN, GEWIRTZ
  & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record on November 15, 2019 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

/s/ *Joe Kendall*
JOE KENDALL

11