# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK MILLER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-03492 |
| CADENCE BANCORPORATION, PAUL B. MURPHY, AND VALERIE C. TOALSON, | § § § § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO LEAD PLAINTIFF MOTIONS

Defendants take no position on Plaintiffs' motion for appointment of lead plaintiffs and lead counsel. No shareholders with losses exceeding the combined $8,504 total loss alleged by Frank Miller and Patrick Gordon have filed a timely motion to be appointed lead plaintiff. The 60-day deadline for filing such motions has expired.

The absence of interest from other shareholders in pursuing this case is unsurprising. The Complaint fails to allege any facts supporting a strong inference that Cadence Bancorporation acted fraudulently.[1] Cadence is the parent company of a bank that makes loans to customers. An inherent risk of lending is that not all loans are repaid. As Plaintiffs admit, Cadence cautioned investors that "we are exposed to the risk that our customers will be unable to repay their loans" and that Cadence's allowance for credit losses ("ACL") – an estimate of future loan losses that

---

[1] *See, e.g., Owens v. Jastrow*, 789 F.3d 529, 541 (5th Cir. 2015) (affirming dismissal of securities class action where defendant overvalued securities portfolio by 100% and was required to write down entire $1.62 billion portfolio).

- 1 -

banks include on their balance sheets – "may prove to be insufficient to absorb potential losses in our loan portfolio, which may adversely affect our business, financial condition and results of operations."[2]  Cadence disclosed in its financial statements that it experienced loan charge-offs (writedowns of nonperforming loan amounts) and recognized "loan provisions" (provisions accounting for future estimated loan losses) in prior financial periods.[3]

The stock price decline that triggered this suit occurred after Cadence announced its second quarter financial results on July 22, 2019.[4]  Cadence disclosed that its results that quarter were "negatively impacted by higher credit costs," including "net charge-offs of $18.6 million and loan provisions of $28.9 million."[5]  The Complaint alleges no facts showing that Cadence knew before that quarter what these numbers would be.  Like other quarterly financial performance metrics, loan charge-offs and loan loss provisions can vary each quarter.  Sometimes companies outperform the market's estimates.  Sometimes, unfortunately, they do not.  Plaintiffs offer nothing but conclusory assertions that Cadence knew in advance that losses would deteriorate in the second quarter and had insufficient controls.[6]  That is patently insufficient to show securities fraud.[7]

Defendants intend to file a motion to dismiss promptly after lead plaintiffs are selected.[8]

---

[2] *See* ECF No. 1 (Complaint) ¶ 23; *see also id.* ¶ 22.

[3] *See id.* ¶ 21 (disclosing "increased loan loss provisions" and "net charge-offs" during fourth quarter of 2018).

[4] *See id.* ¶¶ 27-28.

[5] *See id.* ¶ 27.

[6] *See id.* ¶ 26.

[7] *See Plaisance v. Schiller*, 2019 WL 1205628, at *24 (S.D. Tex. Mar. 14, 2019) ("But the fact that EXXI's ultra-deep drilling activities were ultimately not successful is not probative of falsity"); *Carlton v. Cannon*, 184 F. Supp. 3d 428, 469 (S.D. Tex. 2016) ("[T]he plaintiffs have at most alleged fraud by hindsight.  Courts treat this as insufficient because it is based on 'the fact that something turned out badly must mean [the defendants] knew earlier that it would turn out badly"); *see also Cent. Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 552 (5th Cir. 2007) (allegations that company "lacked the internal controls it repeatedly lauded" insufficient to state claim); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 253–54 (5th Cir. 2003) (even "gross mismanagement" of accounting compliance leading to large financial restatement failed to demonstrate strong inference of scienter).

[8] *See* ECF No. 14, 17, 18.

Dated:        December 10, 2019        Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ Gerard G. Pecht

Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
gerard.pecht@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  (713) 651-5243

Ellen B. Sessions
State Bar No. 00796282
ellen.sessions@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7921
Telephone:  (214) 855-7465

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201

*Counsel for Defendants Cadence Bancorporation, Paul B. Murphy and Valerie C. Toalson*

- 3 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on December 10, 2019, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ Gerard G. Pecht
Gerard G. Pecht
